**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DEMETRIUS T. CROCKETT, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | No.  1:26-CV-00166-DAE |
| | § | |
| THE HONORABLE RICHARD A. | § | |
| OLIVO, FORMER JUSTICE OF | § | |
| THE PEACE FOR PRECINCT 5 | § | |
| TRAVIS COUNTY, TEXAS; | § | |
| *Defendant* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
        SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Demetrius Crockett's application to proceed *in forma pauperis*. Dkt. 2. Because Crockett is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Crockett's financial affidavit and determined Crockett is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly,

1

the Court hereby GRANTS Crockett's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Crockett is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Crockett's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Crockett has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Crockett sues former Justice of the Peace Richard Olivo for misconduct in connection with a criminal case against Crockett. Dkt. 1. Crockett, charged with failure to maintain financial responsibility, entered a deferred disposition agreement requiring him to submit evidence of insurance coverage for a six-month deferral period. *Id.* at 6. Crockett submitted proof of insurance for five of those six months. *Id.*; *see* Dkt. 1-2, at 2. Judge Olivo failed to review the proof of insurance until over a year later. Dkts. 1, at 6; 1-2, at 2-3. Then, presumably to ascertain whether Crockett had insurance for the outstanding month, Judge Olivo's staff contacted Crockett's insurance company. Dkt. 1-2, at 3. Because the company had only an online chat system, that effort was unsuccessful. *Id.* Later, Judge Olivo ordered Crockett to appear for a show-cause hearing, but Crockett failed to appear. *Id.* at 3-4. Finally, Crockett contacted the court via email to provide proof of insurance for the entire

deferral period. *Id.* at 4. The court took no action in response. *Id.* Crockett was convicted. Dkt. 1, at 3.

Crockett filed an application for writ of habeas corpus in state court, which the state did not oppose. Dkt. 1-2. Judge Julie Kocurek granted the writ and vacated Crockett's conviction. *Id.* at 11. Crockett now sues Judge Olivo under 42 U.S.C. § 1983 for violations of his due-process and equal-protection rights. Dkt. 1, at 6. Crockett seeks damages and injunctive relief. *Id.* at 8. Crockett also filed a "preemptive memorandum" asserting Judge Olivo is not entitled to judicial immunity. Dkt. 4.

Judge Olivo is immune from suit for damages. Judges generally have absolute immunity from suits for damages because "'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Judicial immunity can be overcome in two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted). Judicial immunity "is not overcome by allegations of bad faith or malice." *Id.* at 11.

Here, neither exception to judicial immunity applies. First, Judge Olivo's failure to timely consider evidence filed in a case before him is a judicial action. *See id.* at 11-12. In determining whether Judge Olivo's actions were "judicial in nature,"

the Court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit[1] to the judge in his official capacity." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009). The factors are construed broadly in favor of immunity. *Id.* at 223. The act of considering evidence pertinent to a case before the court is a normal judicial function that occurred in the courtroom or the judge's chambers. *See id.* at 222. Judge Olivo's failure to timely consider the evidence centered on Crockett's case, which was then pending before the court. *Id.* And as the acts arose out of Judge Olivo's handling of Crockett's case, the acts arose directly out of a visit to the judge in his official capacity. *Id.*[2]

---

[1] The "out of a visit" language is generally construed as discerning whether the judge acted in his or her official capacity. *See, e.g.*, *Malina v. Gonzales*, 994 F.2d 1121, 1124-25 (5th Cir. 1993); *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005).

[2] Crockett's cases do not help him here, as they raise dissimilar facts unrelated to a judge's failure to consider evidence. *See Davis*, 565 F.3d at 225-26 (holding that defendant judges declining to place plaintiff on a rotating list of attorneys eligible for court appointments were entitled to judicial immunity); *Malina*, 994 F.2d at 1124-25 (holding that a defendant judge could not claim judicial immunity for pulling the plaintiff over on the highway or unofficially summoning the plaintiff to court, but could claim judicial immunity for issuance of a contempt citation and imposing a five-hour jail sentence); *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985) (concluding that a judge who allegedly seized control of an oil company pursuant to a bribe was entitled to judicial immunity); *Bauer v. Texas*, 341 F.3d 352, 361 (5th Cir. 2003) (finding that a judge making a determination in his adjudicatory capacity relating to appointment of a guardian was not a proper party under 42 U.S.C. section 1983); *Forrester v. White*, 484 U.S. 219, 230 (1988) (holding that a state-court judge did not have immunity from suit for decision to demote and dismiss a court employee); *see also Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (affirming judicial immunity where the judge's actions took place during the plaintiff's criminal trial).

Second, Judge Olivo's actions were not taken in the complete absence of jurisdiction. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). According to Article 5, section 19 of the Texas Constitution, justice of the peace courts have "original jurisdiction in criminal matters of misdemeanor cases punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law." Tex. Const. art. V, § 19; *see also* Tex. Code Crim. Proc. Art. 4.11. Section 601.191 of the Texas Transportation Code makes it an offense punishable by a fine to operate a motor vehicle without establishing financial responsibility. Tex. Transp. Code § 601.191; *see id.* § 601.051 (prohibiting operating a vehicle without establishing financial responsibility). Because Crockett was accused of failing to maintain financial responsibility, an offense punishable only by a fine, Judge Olivo had jurisdiction over his case. Judge Olivo therefore did not act in the absence of all jurisdiction when he failed to consider Crockett's evidence of financial responsibility.

The District Judge should also dismiss Crockett's claims against Judge Olivo for injunctive or declaratory relief. "When 'seeking injunctive or declaratory relief, a plaintiff must allege facts' evincing 'a substantial and continuing controversy between two adverse parties … [that is] real and immediate, and create[s] a definite, rather than speculative threat of future injury.'" *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *7 (5th Cir. Jan. 13, 2025) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). "'Past exposure to illegal conduct does not in itself show a present

6

case or controversy … if unaccompanied by any continuing, present adverse effects.'" *Id.* "Rather, '[t]o obtain [declaratory or injunctive] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.'" *Id.*

In this case, Crockett provides evidence that his conviction has already been vacated. Dkt. 1-2, at 11. Nor is there any indication that there is any continuing harm or immediate threat of repeated injury, since Crockett has not been accused of failing to maintain personal responsibility and faces no upcoming proceedings before Judge Olivo. *See* Dkt. 1; *Laird*, 2025 WL 79826, at *7. Crockett alleges that Judge Olivo is a *former* justice of the peace. *See* Dkt. 1. While Judge Olivo's actions with respect to Crockett's state-court case may deserve reproach, there is no substantial and continuing controversy between the parties. *See Laird*, 2025 WL 79826, at *7. Crockett's case should be dismissed.

### III.     ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Crockett's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Crockett's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS AS MOOT** Crockett's remaining pending motion, Dkt. 3.

The referral of this case to the Magistrate Judge should now be canceled.

### IV.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to

which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 10, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE